NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240682-U

NOS. 4-24-0682, 4-24-0683 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* X.D. and A.D., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
| Petitioner-Appellee, | ) | Nos. 22JA525 |
| v. | ) | 22JA526 |
| Robert D., | ) | |
| Respondent-Appellant). | ) | Honorable |
| | ) | Francis M. Martinez, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted appellate counsel's motion to withdraw and affirmed, concluding no issue of arguable merit could be raised on appeal.

¶ 2    On April 16, 2024, the trial court entered an order terminating the parental rights of respondent, Robert D., to his minor children, X.D. (born March 2015) and A.D. (born June 2009). Respondent appealed, and counsel was appointed to represent him. Appellate counsel now moves to withdraw, citing *Anders v. California*, 386 U.S. 738 (1967), on the basis that he cannot raise any potentially meritorious argument on appeal. The record indicates counsel sent a copy of his motion and accompanying memorandum of law to respondent by mail. Respondent has not filed a response. After reviewing the record and counsel's memorandum, we grant the motion to withdraw and affirm the court's judgment.

¶ 3                              I. BACKGROUND

¶ 4        On December 1, 2022, the State filed neglect petitions alleging X.D. and A.D. were neglected minors under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3 (West 2022)). The petitions alleged (1) the minors were not receiving the proper care necessary for their well-being and (2) the minors' environment was injurious to their welfare. Specifically, the State alleged "the [minors'] home has boxes, trash, dog feces, and gnats all over the home and the members of the househould [*sic*] refused to clean it up." 705 ILCS 405/2-3(1)(a), (b) (West 2022).

¶ 5        On February 21, 2024, the State filed motions to terminate respondent's parental rights. The motions alleged respondent was an unfit parent in that he failed to (1) make reasonable efforts to correct the conditions that were the basis for the removal of the minors from the parent during any nine-month period after the minors were adjudicated neglected (750 ILCS 50/1(D)(m)(i) (West 2022)) (count I), (2) make reasonable progress toward the return of the minors to the parent during any nine-month period after the minors were adjudicated neglected (750 ILCS 50/1(D) (West 2022)) (count II), and (3) maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare (750 ILCS 50/1(D)(b) (West 2022)) (count III). The relevant nine-month periods alleged in counts I and II were February 21, 2023, to November 21, 2023, and April 24, 2023, to January 24, 2024. In the motions, the State also noted the minors' mother, Lindsey D., was deceased.

¶ 6        The trial court conducted the fitness hearing in March 2024. The State presented the testimony of Kelly Caudel, a caseworker with the Youth Service Bureau. Caudel testified she had been the minors' caseworker since February 2023. According to Caudel, the minors initially came into care because the house "was very filthy and not safe for the minors."

¶ 7          Respondent's service plan required him to complete a substance abuse assessment, parenting classes, individual counseling, and visitation. Caudel indicated respondent was required to complete random drug drops. Respondent tested positive for cocaine, tetrahydrocannabinol (THC), amphetamines, and methamphetamine. According to Caudel, respondent never completed a substance abuse assessment, nor did he engage in substance abuse services. Further, respondent had overdosed in May 2023 and December 2023. Caudel testified the agency had concerns about respondent's parenting, specifically, "[respondent] does not understand, you know, keeping the house filthy and doing drugs would be not a safe environment for the children." In addition, Caudel was unable to refer respondent to parenting classes because respondent did not maintain at least 30 days of sobriety. While respondent did visit the minors consistently, he never progressed to unsupervised visitation due to his positive drug drops and lack of participation in the substance abuse assessment.

¶ 8          On cross-examination, Caudel acknowledged she did not visit respondent's current residence. However, Caudel noted, when she attempted to visit the residence, no one answered the door.

¶ 9          The trial court took the matter under advisement. On April 16, 2024, the court found the State proved by clear and convincing evidence respondent failed to (1) make reasonable efforts to correct the conditions that were the basis for the removal of the minors, (2) make reasonable progress toward the return of the minors, and (3) maintain a reasonable degree of responsibility as to the minors' welfare.

¶ 10         The trial court proceeded directly to the best interests hearing. Caudel testified the minors had been in their current foster placement since December 2022. According to Caudel, the minors appeared to feel safe, comfortable, and well cared for in the home. The minors were

well bonded to the foster parents and expressed a desire to be adopted by them. Caudel noted the foster parents agreed to provide permanency through adoption. Further, the foster mother indicated her openness to maintaining a relationship between respondent and the minors. In Caudel's opinion, it was in the minors' best interests that respondent's parental rights be terminated. On cross-examination, Caudel agreed the foster mother was very supportive with regard to the mental health, counseling, and educational needs of the minors.

¶ 11    The trial court found it was in the minors' best interests to terminate respondent's parental rights. The court observed the minors were "well integrated into the home and the evidence seems to suggest or does suggest that they are thriving in this home." The court further noted the minors were doing well academically and were "well taken care of medically and physically." Moreover, the minors were loved and cared for in their foster placement. While the court found respondent did love and care for the minors, the foster parents "advocate for [the minors'] best interest."

¶ 12    This consolidated appeal followed.

¶ 13    II. ANALYSIS

¶ 14    On appeal, appellate counsel seeks to withdraw on the basis that he cannot raise any arguments of potential merit.

¶ 15    The procedure for appellate counsel to withdraw set forth in *Anders* applies to findings of parental unfitness and termination of parental rights. *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000). According to this procedure, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel must "(a) sketch the argument in support of the issues that could conceivably be raised on appeal, and then (b) explain why he believes the arguments are

- 4 -

frivolous." *S.M.*, 314 Ill. App. 3d at 685. Counsel must then conclude the case presents no viable grounds for appeal. *S.M.*, 314 Ill. App. 3d at 685. In doing so, counsel should review both the unfitness finding and the best interests determination and indicate in the brief he has done so. *S.M.*, 314 Ill. App. 3d at 685-86.

¶ 16         In the instant case, counsel asserts he has reviewed the record on appeal, including the report of proceedings of the termination hearings, and has concluded there are no appealable issues of merit. Counsel states he has considered raising an argument the trial court erred in finding respondent unfit. He also indicates he has considered raising an argument challenging the court's best interests finding. We address each argument in turn and ultimately agree with counsel's conclusion there are no issues of arguable merit to be raised on review.

¶ 17                           A. Unfitness Findings

¶ 18         We first address appellate counsel's assertion no meritorious argument can be made the trial court erred in finding respondent failed to make reasonable progress during the relevant time periods.

¶ 19         Termination of parental rights under the Juvenile Court Act (705 ILCS 405/1-1 *et seq.* (West 2022)) is a two-step process. *In re Julian K.*, 2012 IL App (1st) 112841, ¶ 1. Parental rights may not be terminated without the parent's consent unless the trial court first determines, by clear and convincing evidence, the parent is unfit as defined in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2022)). *In re Gwynne P.*, 215 Ill. 2d 340, 354 (2005). Pursuant to section 1(D)(m)(ii) of the Adoption Act (750 ILCS 50/1(D)(m)(ii) (West 2022)), a parent may be found unfit if he fails to "make reasonable progress toward the return of the child to the parent during any 9-month period following the adjudication of neglected *** minor." A "parent's failure to substantially fulfill his or her obligations under the service plan and correct

the conditions that brought the child into care during any 9-month period following the adjudication" constitutes a failure to make reasonable progress for purposes of section 1(D)(m)(ii). 750 ILCS 50/1(D)(m)(ii) (West 2022).

¶ 20 We will not disturb a finding of unfitness unless it is against the manifest weight of the evidence. *In re J.H.*, 2020 IL App (4th) 200150, ¶ 68. "A finding is against the manifest weight of the evidence only if the evidence clearly calls for the opposite finding [citation], such that no reasonable person could arrive at the circuit court's finding on the basis of the evidence in the record [citation]." (Internal quotation marks omitted.) *J.H.*, 2020 IL App (4th) 200150, ¶ 68. "This court pays great deference to a trial court's fitness finding because of [that court's] superior opportunity to observe the witnesses and evaluate their credibility." (Internal quotation marks omitted.) *In re O.B.*, 2022 IL App (4th) 220419, ¶ 29.

¶ 21 Here, the State proved by clear and convincing evidence respondent failed to make reasonable progress toward the return of the minors during the relevant time period, as alleged in the State's termination motion. Pursuant to respondent's service plan, he was to, *inter alia*, (1) complete substance abuse services, (2) complete parenting education classes, (3) participate in individual counseling, and (4) participate in visits with the minors. At the time of the fitness hearing, respondent failed to participate in a substance abuse assessment and never engaged in substance abuse services. Further, respondent tested positive for cocaine, THC, amphetamines, and methamphetamine during his required random drug drops. Caudel additionally testified the agency received reports respondent overdosed in May 2023 and December 2023. Moreover, Caudel indicated the agency was unable to refer respondent for parenting education classes because he had not maintained at least 30 days of sobriety, as evidenced by his continued positive drug drops. While respondent was participating in visits with

- 6 -

the minors, he never progressed to unsupervised visits due to his positive drug drops and lack of participation in the substance abuse assessment.

¶ 22        Based on this evidence, respondent did not "substantially fulfill his *** obligations under the service plan" and therefore did not make reasonable progress toward the return of minors to his care. 750 ILCS 50/1(D)(m)(ii) (West 2022). "As the grounds for unfitness are independent, the trial court's judgment may be affirmed if the evidence supports the finding of unfitness on any one of the alleged statutory grounds." *In re H.D.*, 343 Ill. App. 3d 483, 493 (2003). Accordingly, we agree with counsel, any argument contesting the trial court's unfitness findings would be entirely frivolous.

¶ 23                            B. Best Interests Findings

¶ 24        Appellate counsel next asserts he can make no meritorious argument that the trial court's best interests finding was against the manifest weight of the evidence.

¶ 25        In a proceeding to terminate parental rights, the State must prove termination is in the minor's best interests by a preponderance of the evidence. *In re D.T.*, 212 Ill. 2d 347, 367 (2004). When considering whether termination of parental rights would be in the minor's best interests, the trial court must consider several statutory factors within the context of the minor's age and developmental needs. See 705 ILCS 405/1-3(4.05) (West 2022). This court will not reverse a best interests finding unless it is against the manifest weight of the evidence. *In re Anaya J.G.*, 403 Ill. App. 3d 875, 883 (2010). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent. *Anaya J.G.*, 403 Ill. App. 3d at 883.

¶ 26        Here, the evidence showed the minors had resided with their foster parents since December 2022 and their needs were being met by the foster parents. Further, the minors felt

safe, comfortable, and well cared for in their foster placement. The minors expressed a desire to be adopted, and the foster parents agreed to provide permanency through adoption. As the trial court observed, the minors were "well integrated into the home and the evidence seems to suggest or does suggest that they are thriving in this home." On this record, we find the court could reasonably conclude it was in the minors' best interests to terminate respondent's parental rights. We agree with counsel any argument contesting the court's best interests findings would be entirely frivolous.

¶ 27                                    III. CONCLUSION

¶ 28          For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 29          Affirmed.